# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| AARON W. WHITTLER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 04-0610-CV-W-GAF-P |
| | ) | Crim. No. 03-00220-01-CR-W-GAF |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant, a federal prisoner confined at the Federal Correctional Institution in Forrest City, Arkansas, has filed pro se a motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 in the above-captioned federal criminal case. For the reasons set forth below, the Court denies movant's motion.

On February 26, 2004, movant was convicted, pursuant to a guilty plea, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Movant was sentenced to 96 months in prison. Movant now seeks post-conviction relief on four grounds: His sentence was enhanced based on the facts that (1) the firearm he possessed was stolen and (2) he was on probation, neither of which appeared in his indictment or were submitted to a jury, in violation of the United States Supreme Court's holdings in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) counsel was ineffective in failing to inform him of his right under Apprendi, "to insist that the prosecutor prove to a jury

all facts legally essential to the punishment;" and (4) his plea agreement was an illegal document in that it did not contain "an appropriate waiver . . . as to the sentence enhancement and his Apprendi rights." Petitioner also has filed a motion to correct plain error pursuant to F.R.C.P. 52(b) in which he asserts that the district court violated Apprendi in enhancing his sentence based on his possession of a stolen firearm and the fact that he was on probation and in sentencing him under a mandatory, rather than advisory, sentencing scheme. Doc. No. 19.

### Grounds 1 and 2: Unlawful Sentence Enhancements

Movant claims that the district court violated his Sixth Amendment rights in enhancing his sentence under an unconstitutional sentencing scheme, based on facts that neither were stated in his indictment nor found by a jury. In Booker, the Supreme Court reaffirmed its holding in Apprendi that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. ___, 125 S.Ct. at 756. The Court also excised the statutory provision that requires courts to impose sentences that are within the applicable Federal Sentencing Guidelines ranges, rendering the Guidelines advisory rather than mandatory. Id. at 764.

Respondent maintains that movant may not challenge his sentence under Blakely and Booker because he waived his right to attack his sentence, either directly or collaterally, in his plea agreement. Doc. No. 5. Paragraph 14 of movant's plea agreement states:

> The defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. . . . The defendant . . . expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the

2

> sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of the law apart from the Sentencing Guidelines.

Plea Agreement, ¶ 14. Movant challenges his sentence, at least in part, based on the unconstitutionality of the Sentencing Guidelines. However, movant waived such a claim in his plea agreement. Even though the Supreme Court decided Blakely and Booker after movant entered his plea, "[t]he fact that [a defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver." United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005).

Movant states in his response that he did not enter his plea knowingly and voluntarily, due to ineffective assistance of counsel, and that enforcing the waiver therefore would result in manifest injustice. However, as discussed infra with regard to Ground 3, movant did not receive ineffective assistance of counsel. Movant has offered no other facts to support his claim that he did not knowingly and voluntarily waive his right to challenge the constitutionality of the Sentencing Guidelines.

In addition to having waived his right to challenge his sentence based on the unconstitutionality of the Sentencing Guidelines, movant has failed to state a claim for relief in that Booker is not retroactively applicable to cases on collateral review. See Booker, 543 U.S. ___, 125 S. Ct. at 769 (expressly stating "we must apply today's holdings . . . to all cases on direct review"); Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); Varela v. United States, ___ F.3d ___, 2005 WL 367095, at *4 (11th Cir. Feb. 17,

2005) ("we conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review").[1]

Furthermore, movant's Apprendi claim is without merit in that, although movant pled guilty to an offense with a maximum sentence of 10 years imprisonment (see 18 U.S.C. § 924(a)(2) (2000)), he received a sentence of only 96 months imprisonment. See United States v. Vanhorn, 296 F.3d 713, 720 (8th Cir. 2002) ("Where a defendant's sentence does not exceed the statutorily authorized maximum sentence for the crime, the case does not implicate the principle announced in Apprendi."). See also United States v. Kurkowski, 281 F.3d 699, 703 (8th Cir. 2002) (holding that, because the defendant's term of supervised release did not exceed the term authorized under the statute, "Apprendi does not require submission to a jury of factors used to determine the penalty."). Movant's claim that his sentence was enhanced in violation of the constitution will be denied.

### Ground 3: Ineffective Assistance of Counsel

---

[1]The Eighth Circuit recently held in United States v. Lea, 400 F.3d 1115 (8th Cir. 2005), that a defendant who, in his plea agreement, "stipulated to specific offense conduct and acknowledged that these admissions would be used to calculate his sentence under the Sentencing Guidelines," could challenge his sentence under Booker. The court stated:
> Booker specifically rejected the invitation to leave the Guidelines as binding in cases that do not involve judicial factfinding. . . . Because Lea properly preserved his challenge to the constitutionality of the Guidelines, we conclude he is entitled to be sentenced under an advisory, rather than mandatory, Guidelines scheme.

Lea, 400 F.3d at 1116. Lea can be distinguished from movant's case, however, on two bases: (1) movant, unlike the defendant in Lea, did not properly preserve the constitutionality of the Sentencing Guidelines as an issue on appeal; and (2) movant brought his claim on collateral review, rather than on direct appeal.

Movant maintains that, had his counsel advised him of his rights under Apprendi, he would not have waived his right to file a motion attacking the constitutionality of the Sentencing Guidelines "and would not have plead[ed] guilty to and stipulated to and admitted to the facts that support the two enhancements he now challenges." Doc. No. 9.

In order to succeed on an ineffective assistance of counsel claim, movant must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) counsel's deficient performance prejudiced movant's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., id. at 687-90. "There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance." Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997). In order to demonstrate prejudice within the context of a guilty plea, "the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Movant has failed to demonstrate both that his counsel's performance was unreasonable and that the alleged deficiency prejudiced his defense. As noted above, Apprendi is inapplicable to movant's case because movant received a sentence that is less than the statutory maximum. The sentencing judge may, in his or her discretion, consider facts that are relevant to a defendant's sentence where the sentence imposed is within the statutory maximum. See Kurkowski, 281 F.3d 699, 704 ("Until advised to the contrary by the Supreme Court, . . . we conclude a sentencing judge's discretion to find facts relevant to

5

sentencing within the statutorily permissible range has not been replaced by a requirement of jury fact-finding.") Because Apprendi does not apply to movant's case, movant's defense counsel was not ineffective in failing to advise him of his rights under Apprendi.

Furthermore, because movant stipulated to the facts supporting the enhancements in his guilty plea, "the government agreed that a four-level enhancement for possession of a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(5) did not apply." Affidavit of Anita Burns (Attachment A), attached to Doc. No. 11. Had movant not pled guilty, he would have been subject to a longer sentence than that imposed. The facts do not support movant's claim that, had counsel advised him concerning Apprendi, he would not have pled guilty and would have insisted on going to trial. Movant's ineffective assistance of counsel claim will be denied.

### Ground 4: Illegality of Plea Agreement

Movant claims in Ground 4 that his plea agreement "was an illegal document due to the fact that Apprendi . . . 'replaced' the 'regime' of the U.S.S.G. 'in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon . . .'" Doc. No. 9. Movant maintains that, "the prosecution was required as of 2000 to include in Petitioner's guilty plea agreement an appropriate waiver, as to the sentence enhancement and his Apprendi rights." Id. However, as discussed above, Apprendi does not apply to movant's case because he received a sentence that was less than the statutory maximum. Consequently, movant's plea agreement need not have included a waiver of his rights under Apprendi. Ground 4 will be denied.

### Motion to Correct Plain Error

6

Movant claims in his Motion to Correct Plain Error Pursuant to Rule 52(b) that the sentencing court plainly erred in enhancing his sentence based on facts to which he did not admit and which were not proved to a jury beyond a reasonable doubt, in violation of Apprendi, and in sentencing movant under a mandatory, rather than advisory, sentencing scheme. Doc. No. 19. However, as noted supra, Apprendi does not apply to movant's case because the sentence imposed was less than the statutory maximum for the offense. Furthermore, as discussed supra, Booker, which rendered the Sentencing Guidelines advisory, does not apply to cases on collateral review. Movant's motion will be denied.

Accordingly, it is **ORDERED** that:

(1) movant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is denied; and

(2) movant's Motion to Correct Plain Error Pursuant to Rule 52(b) is denied.

    /s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated: May 10, 2005